UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH JENKINS,                           :

    Petitioner                              :        CIVIL ACTION NO. 3:22-1148

    v                                       :              (JUDGE MANNION)

R. THOMPSON, WARDEN,                      :

    Respondent                              :

## MEMORANDUM

### I. Background

Joseph Jenkins, a former inmate confined in the Allenwood Low Security Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Jenkins alleges that the BOP's unlawfully determined him to be ineligible for prelease confinement. Id. As such, he challenges his continued confinement and seeks to be immediately released. Id. On September 28, 2022, a response was filed arguing that Petitioner's projected release date was properly calculated at April 5, 2023 and that (1) the Court lacks authority to review Jenkins' prerelease custody claims as set forth in 18 U.S.C. §3621(b) and 18 U.S.C. §3625; (2) it is outside the remedial scope of 28

U.S.C. §2241; (3) the BOP did not abuse its discretion in denying Community Corrections Center (CCC) placement; and (4) Jenkins has no liberty interest in prerelease custody. (Doc. 9). A review of the Federal Bureau of Prisons Inmate Locater reveals that Jenkins was released from FCI-Allenwood custody on April 5, 2023. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II. Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not

2

merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Jenkins has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

**MALACHY E. MANNION**
**United States District Judge**

Date: April 6, 2023
22-1148-01